Howedd, J.
The administrator of the succession of Mad. Constance Perret, deceased, having filed a provisional account, showing that the proceeds of movables were insuffleieni to pay the privileged debts, prayed that the purchaser of the real estate, who was the mortgagee, be ordered to contribute the sum necessary to meet the deficiency. J. B. Pecoul, agent of the widow and heirs of Marius Jartoux, and the purchaser as such of the mortgaged property, filed a petition alleging his right to letain the price of adjudication, “subject to the payment of such legal and privileged claims, if any there are, as may be entitled to preference over his,” opposing most of the items in the account, and praying that after the proceeds of the movables be absorbed, he be ordered to pay the deficiency out of the price retained by him.
The District Judge struck out some items, reduced others, homologated *87 the tableau as thus amended, and ordered “that the purchaser of the real estate, Franqois Jartoux, through his agent, pay to the administrator $817 58,” the sum necessary to pay the privileged debts allowed.
From this judgment Pecoul, .agent, has taken a devolutive appeal.
The first point presented by the appellant is the nullity of the judgment for want of citation, and because he is condemned as the agent of a deceased person.
The appearance made by him in his petition of opposition, and the prayer therein waived citation, and authorized the Court to render judgment against him, as agent of the parties whom he actually represented., The discrepancy in the name of the purchaser we must consider a mere clerical error, corrected by the judgment itself, which is against the purchaser of the real estate, whom the pleadings and evidence show to be J. B. Pecoul, agent of the widow and heirs of Marius Jartoux, otherwise Pecoul, as agent, would have no cause to complain of this part of the decree, for his name is not mentioned therein as the agent, and we could not examine the judgment in this respect, as Fran$ois Jartoux, of whose death there is no proof, has not appealed, nor was he before the lower Court.
The appellant has urged objections in this Court to these items only in the tableau, to wit: the administrator’s commissions, the fee of the attorney for the succession, and the fee for the attorney for absent heirs.
No opposition was made in the lower Court to the administrator’s commissions, and we cannot therefore inquire into their allowance. The sum of $638 45 was allowed to the attorney for the succession, being five per cent, on the amount of the inventory. This, we think, too much. The amount distributed in this tableau is something less than five thous- and dollars, and five per cent, thereon, would be a little less than two hundred and fifty dollars.
There was no litigation nor difficulty in the settlement so far of this succession, the proceedings in which were simple, requiring no special professional skill and labor.
We think the services will be justly compensated by a fee of $250.
The sum of $175, allowed to the attorney for absent heirs, is objected to as too large.
Nothing is coming to the absent heirs, out of which the allowance should be made, but the appellant asks us to regulate the fee by the valué of the services rendered as shown by the mortuary proceedings. We find that he attended the taking of the inventory, signed a notarial act of acceptance, with benefit of inventory, and filed an opposition to the tableau. The opposition was on its face unfounded, and the other acts were merely formal, for all which we think the sum of $75 ample compensation in this instance.
It is therefore ordered that the judgment appealed from be so amended as to reduce the fee of ihe attorney for the succession from $638 45 to $250; that of the attorney for absent heirs from $175 to $75; and to order the purchaser of the real estate of this succession, sold on 28th June, 1865, to contribute, out of the price retained, the sum of $359 08 instead of $847 53, and that as thus amended the judgment be affirmed, costs q| appeal to be paid by the appellees.